## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

William R. Williams,

                Petitioner,                Case Number: 21-cv-11627
                                              Honorable Denise Page Hood

v.

Matt MaCauley,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner William R. Williams, a Michigan state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for assault with intent to murder, making a false statement to a peace officer about a criminal investigation, and four counts of making a false police report of a felony. Williams raises four claims for relief.

For the reasons set forth below, the Court denies the petition and declines to issue a certificate of appealability. The Court grants Petitioner leave to proceed *in forma pauperis* on appeal.

## I. Background

Following a jury trial in Tuscola County Circuit Court, Williams was convicted of assault with intent to murder, Mich. Comp. Laws § 750.83, making a false statement to a peace officer about a criminal investigation, Mich. Comp. Laws § 750.479c(d)(2), and four counts of making a false police report of a felony, Mich. Comp. Laws § 750.411a(1)(b).  He was sentenced to 40 to 80 years for assault with intent to murder, 32 to 48 months for each of the remaining five convictions.

Williams filed an appeal by right in the Michigan Court of Appeals.  The Michigan Court of Appeals set forth the following relevant facts:

> Defendant's convictions arose from his bludgeoning of his wife, CW, with an axe as she lay in bed, and his subsequent claims to the police that an intruder had committed the act.  CW was left with longstanding brain damage as a result of the attack.  Defendant later admitted to the police that he was the perpetrator, and at trial defense counsel conceded guilt on the five lesser offenses, but argued with regard to the AWIM charge, that defendant should be convicted instead of assault with intent to do great bodily harm. It was elicited at trial that defendant had been siphoning household money to a woman, SS, for almost two years, and hoped to be in a romantic relationship with her.

*People v. Williams*, No. 344212, 2019 WL 7206044, at *1 (Mich. Ct. App. Dec. 26, 2019).  These facts are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The Michigan Court of Appeals affirmed Williams' conviction and sentence.

2

*People v. Williams,* No. 344212, 2019 WL 7206044, at *1 (Mich. Ct. App. Dec. 26, 2019).   Williams sought and was denied leave to appeal in the Michigan Supreme Court.  *People v. Williams*, 505 Mich. 1052 (Mich. May 1, 2020).

Williams then filed this habeas petition.  He seeks relief on these claims:

I.  Defendant-Appellant William Williams was denied his state and federal constitutional rights to due process, to present a defense, and to a properly instructed jury where the trial court refused to provide a mitigation instruction to the assault with intent to murder charge, thereby removing the main factual issue to be decided at trial from the judgment of the jury.

II. The prosecutor's improper rebuttal argument that assault with intent to murder should be determined based on the type of attack rather than the defendant's intent denied Mr. Williams a fair trial, requiring reversal of his assault with intent to murder conviction. Alternatively, defense counsel rendered ineffective assistance of counsel in failing to fully articulate the grounds for his objection to the prosecutor's improper argument, prejudicing Mr. Williams and necessitating a new trial.

III. Mr. Williams was sentenced on the basis of inaccurate information and in violation of his right to due process where several offense variables were incorrectly scored, thus inflating the minimum sentencing guideline range. Therefore, resentencing is required.

IV. The court must remand for resentencing because the departure sentence the trial court imposed was unreasonable.

Respondent has filed an answer in opposition.  (ECF No. 6.)  Petitioner has not filed a reply brief.

## II. Legal Standard

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254.  To obtain relief, habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' [must] show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 548 U.S. 122, 124-25 (2018) (quoting 28 U.S.C. § 2254(d)).  The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Also, a state-court's factual

determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

### A. Jury Instruction Claim

Williams claims that his rights to present a defense and to a properly instructed jury were violated when the trial court denied the defense's request to give Michigan Criminal Jury Instruction 17.4 regarding mitigating circumstances.

Michigan Criminal Jury Instruction 17.4 provides:

(1) The defendant can only be guilty of the crime of assault with intent to commit murder if [he / she] would have been guilty of murder had the person [he / she] assaulted actually died. …

(2) Voluntary manslaughter is different from murder in that for manslaughter, the following things must be true:

(3) First, when the defendant acted, [his / her] thinking must have been disturbed by emotional excitement to the point that an ordinary person might have acted on impulse, without thinking twice, from passion instead of judgment. This emotional excitement must have been caused by something that would cause an ordinary person to act rashly or on impulse…

(4) Second, the killing itself must have resulted from this emotional excitement.  The defendant must have acted before a reasonable time had passed to calm down and before reason took over again. …

(5) If you find that the crime would have been manslaughter had the person died, then you must find the defendant not guilty of assault with intent to murder [and decide whether (he / she) is guilty of any lesser offense].

Obtaining federal habeas relief for a jury instruction claim is "a difficult hill to climb." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020).  To show that a jury instruction violates due process, a habeas petitioner must demonstrate "both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt."  *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (internal quotation marks omitted).

A federal court may not grant the writ of habeas corpus on the ground that a jury instruction was incorrect under state law; instead, the relevant inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The jury instruction "must be considered in the context of the instructions as a whole and the trial record." *Id.* at 72.  The burden of proving that omission of a jury instruction violated due process is even heavier than that imposed on an incorrect instruction claim.  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

The Michigan Court of Appeals denied relief on this claim:

A defendant charged with AWIM is entitled to a mitigating-circumstances instruction if there is "evidence that [the] defendant acted in the heat of passion, which was caused by something that would create such a state in an ordinary person." *People v. Rosa*, 322

6

Mich. App. 726, 740; 913 N.W.2d 392 (2018). The *Rosa* Court cited
*People v. Pouncey*, 437 Mich. 382; 471 N.W.2d 346 (1991), for
guidance in assessing whether the instruction was appropriate. *See
Rosa*, 322 Mich. App. at 740. In *Pouncey*, 437 Mich. at 390, the Court
stated:

> The determination of what is reasonable provocation is a
> question of fact for the factfinder. However, the judge
> does play a substantial role. The judge furnishes the
> standard of what constitutes adequate provocation, *i.e.*,
> that provocation which would cause a reasonable person
> to act out of passion rather than reason. When, as a
> matter of law, no reasonable jury could find that the
> provocation was adequate, the judge may exclude
> evidence of the provocation. [Citations omitted.]

In *Pouncey, id*. at 384 & n. 1, the decedent physically threatened the
defendant, and called him various derogatory names. There was a
"verbal fracas," but no physical contact of any kind before the killing.
*Id*. at 391. Another person present had to hold the decedent back from
walking toward the defendant, and there was evidence that the
decedent had balled-up fists. *Id*. at 384-385 & n.2. The Court ruled
that "[t]he judge was absolutely correct in ruling that as a matter of
law there was insufficient evidence to establish an adequate
provocation." *Id*. at 391-392. The Court noted that "[t]he law cannot
countenance the loss of self-control; rather, it must encourage people
to control their passions." *Id*. at 389.

In the present case, defendant, at one point, stated that CW "held up
the axe," and he "grabbed it from her." At another point, however, he
stated that CW "grabbed for" the axe, but he got to it first. A short
time later, he said, "She said something about I'll get this axe after
you. So I went and grabbed it and then went stupid." Later still, he
said that CW lay "back down" on the bed, and "then I grabbed [the
axe] and just went boom." He said, "I grabbed the axe like this, it was
up against the wall and I went—" At no time did defendant state that
CW actually swung the axe at him. In addition, he admitted that he
struck her while she was lying in bed. These facts are analogous to
*Pouncey* in that defendant was never dealing with actual physical
contact. This is not a situation in which a reasonable person would act

7

out of passion instead of reason. *Id.* at 390. The two argued, CW allegedly stated that she should go after defendant with an axe, and she lay back on the bed. No matter whether CW held the axe or not, defendant admitted that CW had never actually left the bed during the incident, but had only "sat up in the bed[.]" The law does not "countenance" a loss of control in such a situation. *Id.* at 389.[ ] The trial court did not abuse its discretion by failing to give M Crim JI 17.4. *See People v. Mitchell*, 301 Mich. App. 282, 288; 835 N.W.2d 615 (2013).

*People v. Williams*, No. 344212, 2019 WL 7206044, at *1–2 (Mich. Ct. App. Dec. 26, 2019).

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Williams asserts that the trial court erred in instructing the jury under Michigan law, he merely alleges a violation of state law which does not justify federal habeas relief. *See, e.g., Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) ("a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68 ("it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions").

Second, Williams fails to establish that the trial court's failure to give the requested instruction violated his federal due process rights or his right to present a defense.  As explained by the Michigan Court of Appeals, the evidence at trial did not support such an instruction.  There was no evidence that Williams acted in the heat of passion or in self-defense. Rather, Williams struck his wife with the axe while she was lying in bed.  He has thus failed to show that a mitigating circumstances instruction was warranted or that the trial court's refusal to give the instruction denied him a fundamentally fair trial.

## B.  Prosecutorial Misconduct Claim

Next, Williams claims that the prosecutor committed misconduct during his rebuttal closing argument by explaining to the jury that they could determine Williams' intent based upon the nature of the attack.

A prosecutor's misconduct violates a criminal defendant's constitutional rights if it "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct entails much more than conduct that is "undesirable or even universally condemned."  *Id*. at 181 (internal quotation omitted).  To constitute a

due process violation, the conduct must have been "so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." *Washington v. Hofbauer*, 228 F.3d 689, 708 (6th Cir. 2000).

The *Darden* standard "is a very general one, leaving courts 'more leeway ... in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (alteration in original). "That leeway increases in assessing a state court's ruling under AEDPA," because the court "cannot set aside a state court's conclusion on a federal prosecutorial-misconduct claim unless a petitioner cites ... other Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable." *Stewart v. Trierweiler*, 867 F.3d 633, 638-39 (6th Cir. 2017) (quoting *Trimble v. Bobby*, 804 F.3d 767, 783 (6th Cir. 2015)).

The Michigan Court of Appeals denied this claim on the ground that the prosecutor's rebuttal argument was consistent with Michigan law. *Williams*, 2019 WL 7206044 at *2. Under Michigan law, the intent to kill element of the crime of assault with intent to commit murder need not be established by direct evidence. *People v. Taylor*, 422 Mich. 554, 567-68 (1985). The trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill and may consider "[t]he nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently

performed, whether the instrument and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made." *Id*. at 568 (internal quotation omitted).

It was not unreasonable for the state court to find that the prosecutor's argument was consistent with state law and this Court must defer to the state court's decision on state law. *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Accordingly, Williams fails to show that the state court's denial of his claim was contrary to, or an unreasonable application of, *Darden*.

Williams also claims that defense counsel was ineffective for failing to articulate a more effective objection to the prosecutor's argument. A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

The Michigan Court of Appeals rejected this argument:

> Defense counsel objected to the comments. To the extent that defendant is arguing that his attorney should have raised a further objection to the comments, any such objection would have been futile because the comments were allowable. As such, no ineffective assistance is apparent.

11

*Williams*, 2019 WL 7206044 at *2, n.2.

As discussed above, Williams fails to show that the prosecutor committed misconduct.   Counsel cannot be held ineffective for failing to object to conduct that was not improper.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").   This claim is denied.

### C.  Sentencing Claims

#### 1.  Scoring of Offense Variables

In his third claim, Williams argues that the trial court incorrectly scored multiple offense variables.   He maintains that if the offense variables had been scored correctly his recommended minimum sentence range would have been reduced from 135 to 225 months to 126 to 210 months.   On direct appeal, the Michigan Court of Appeals held that each of the challenged offense variables was properly scored.  *Williams*, 2019 WL 7206044 at *3-5.

Williams has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law.   "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."   *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).   And "federal habeas corpus relief does not lie for errors of state law."

*Estelle*, 502 U.S. at 67.  Williams' claim that the trial court erred when it scored multiple offense variables is not cognizable on federal habeas review.

Williams also claims that his sentence was based on inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or on "extensively and materially false" information, which the defendant had no opportunity to correct.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information and that it was, in fact, inaccurate.  *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007).

Williams fails to make such a showing.  He does not identify specific instances when the trial court allegedly relied on inaccurate information.  Instead, Williams disagrees with the inferences the court drew and the court's interpretation of the guidelines.  But this does not establish any inaccuracy.  Additionally, the sentencing hearing provided Williams with an opportunity to contest the scoring of the guidelines and the sentencing decision and he challenging the scoring on direct appeal.

Williams fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence and he was afforded all the process he was due.  Habeas relief is not warranted on this claim.

### 2. Proportionality of Sentence

Finally, Williams claims that the trial court violated the principle of proportionality by sentencing him above the guidelines.

The Michigan Court of Appeals considered Williams' challenge to his sentence on direct review and rejected it.  It held that the trial court's decision to exceed the guidelines was a reasonable exercise of its discretion because the guidelines did not adequately take into consideration the brutality of the crime, the fact that Williams concocted a story about the circumstances of the attack and left the victim "alive and gravely injured in her bed while he went about his day." *Williams*, 2019 WL 7206044, at *6.

To the extent that Williams seeks relief on the basis that his sentence violated Michigan's constitution, that claim is not cognizable in this action. An allegation that a sentence violates a state constitution does not state a basis for habeas relief because "federal habeas corpus review does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991).

Second, Williams' claim that the sentence violated the Eighth Amendment is unavailing because he has not shown that the Michigan Court of Appeals unreasonably applied clearly established federal law. As the Supreme Court has explained, "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly

disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277 (1983)). That "test is rarely met." *United States v. Young*, 766 F.3d 621, 625 (6th Cir. 2014) (citing *Ewing v. California*, 538 U.S. 11, 22 (2003)).  Here, the Michigan Court of Appeals did not contravene this clearly established federal law when it upheld Williams' sentence.  The sentence is not grossly disproportionate, and the Court denies relief on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

The Court grants Williams leave to appeal in forma pauperis because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V.  Conclusion

For the reasons set forth, the Court DENIES the petition for writ of habeas corpus and DENIES a certificate of appealability.  If he chooses to appeal this decision, Petitioner may proceed *in forma pauperis*.

SO ORDERED.

s/Denise Page Hood
United States District Judge

Dated:  September 12, 2024

16